JS 44
(Rev 07/86)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM )

## I (a) PLAINTIFFS

Robert Glen Rike d/b/a SunTex
Mechanical Contractors

## DEFENDANTS

Evergreen National Indemnity Co.

B-01-013

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Cameron
(EXCEPT IN U S PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U S  PLAINTIFF CASES ONLY)
NOTE  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Andrew K. Rozell
LAW OFFICE OF ANDREW K. ROZELL
323 East Jackson
Harlingen, Texas  78550
956/428-1282 -- 428-6595 (fax)

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN ⋇ IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

☒☒ 3 Federal Question
(U S  Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of
Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN ⋇ IN ONE BOX
(For Diversity Cases Only)       FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U S CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE

DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

40 U.S.C.  §270.  Suit on surety bond

## V. NATURE OF SUIT (PLACE AN ⋇ IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☒☒ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 640 R R & Truck | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl  Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 Habeas Corpus | ☐ 791 Empl Ret Inc Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN ⋇ IN ONE BOX ONLY)

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F R C P 23

**DEMAND $**
24,469.26

Check YES only if demanded in complaint
**JURY DEMAND:** ☐ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions)

JUDGE _____  DOCKET NUMBER _____

DATE
1-18-01

SIGNATURE OF ATTORNEY OF RECORD
*Andrew Rozell*

UNITED STATES DISTRICT COURT

United States District Court
Southern District of Texas
RECEIVED

JAN 1 8 2001

Michael N. Milby, Clerk of Court

## UNITES STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

UNITED STATES OF AMERICA for the use of §
ROBERT GLEN RIKE d/b/a SUNTEX §
MECHANCIAL CONTRACTORS §
§   CIVIL ACTION NO. B - 0 1 - 0 1 3
vs. §
§
EVERGREEN NATIONAL INDEMNITY CO. §

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Plaintiff presents this Original Complaint and would show as follows:

1.  **Jurisdiction.**  This Court has original and exclusive jurisdiction of this case by virtue of  40 U.S.C. §270b(b), which requires  that every suit under said statute "shall be brought in the name of the United States for the use of the person suing, in the United States District Court for any district in which the contract is to be performed  and  executed  and  not  elsewhere,  irrespective  of  the  amount  in controversy . . . "

2.  **Parties.**  Plaintiff, Robert Glen Rike is an individual formerly doing business as SunTex Mechanical Contractor.  Plaintiff brings this suit in the name of the United States for the use of Plaintiff as provided in 40 U.S.C. §270b(b).

    Defendant Evergreen National Indemnity Company is a corporation organized under the laws of Ohio, with its principal place of business in Columbus, Ohio. Defendant does not have a registered agent in the state of Texas, and therefore service of process may be obtained by delivering same to the Secretary of State of the State of Texas.

3.  **Contract and Bond.**  On August 6, 1998, Isidore H. Salazar, Inc. ("Salazar"), entered into a contract with the United States Army Corps of Engineers for the construction of an INS Armory and INS maintenance building at Los Fresnos, Cameron County, Texas.  Salazar provided a payment bond as required by 40 U.S.C. §270a, et seq. (the "Miller Act).  Defendant Evergreen National Indemnity Company is the surety on the bond.   A copy of the bond is attached as Exhibit "A" and is incorporated by reference.

CSXPDF - www.fesisa.com

4. **Subcontract; Performance.** On October 28, 1998 and November 10, 1998, Plaintiff entered into a subcontract (the "subcontract") with Salazar, to perform a portion of the work required by the Prime Contract. A true and correct copy of the subcontract is attached as Exhibit "B" and is incorporated by reference. Plaintiff proceeded to perform its obligations under the contract. Despite timely and proper performance by Plaintiff, Salazar failed to pay Plaintiff as required by the contract. At all times, Plaintiff has performed its obligations under the contract. All conditions precedent to Plaintiff's recovery have been satisfied or have been performed.

5. **First Cause of Action: Breach of Contract.** Salazar has breached its contract with Plaintiff by failing to pay Plaintiff for labor and materials furnished by Plaintiff in the prosecution of the contracts. As a result of said breach of contract, Plaintiff has been damaged in the amount of $14,065.00 ( on the armory contract) and $10,404.26 (on the maintenance facility contract). Plaintiff is entitled to recover this amount from Defendant as Surety on the bond pursuant to 40 U.S.C. §270b(a). Plaintiff has satisfied all conditions precedent to suit.

6. **Prayer.** Plaintiff prays that:

   a.   Defendant be cited to appear and answer;

   b.   That Plaintiff be granted judgment against Defendant for $14,065.00 on the armory contract and $10,404.26 on the maintenance facility contract) together with interest as allowed by law and all costs of Court; and that Plaintiff recover general relief.

   Respectfully submitted,

   Andrew K. Rozell
   Attorney for Plaintiff
   State Bar No. 17358000
   Southern District I.D. No. 1220

ADDRESS:

LAW OFFICE OF ANDREW K. ROZELL
323 East Jackson Street
Harlingen, Texas 78550
956/428-1282 - 428-6595 (fax)

JAN 05 '01  01:49PM US ARMY CORPS ENG

| PAYMENT BOND<br>(See instructions on reverse) | ...d No.<br>103630 | DATE BOND EXECUTED (Must be s... ...or later than date of contract)<br>08/13/9 | EXHIBIT<br>A-1 |
|---|---|---|---|

Public reporting burden for this collection of information is estimated to average 25 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the FAR Secretariat (VRS), Office of Federal Acquisition Policy, GSA, Washington, D.C. 20405, and to the Office of Management and Budget, Paperwork Reduction Project (9000-0045), Washington, D.C. 20503

| PRINCIPAL (Legal name and business address) | TYPE OF ORGANIZATION ("X" one) | | |
|---|---|---|---|

Isidore H. Salazar Construction, Inc.
400 South Padre Island Drive, Ste. 203, Corpus Christi, Texas 78405

| | |
|---|---|
| ☐ INDIVIDUAL | ☐ PARTNERSHIP |
| ☐ JOINT VENTURE | ☒ CORPORATION |

STATE OF INCORPORATION
Texas

| SURETY(IES) (Name(s) and business address(es)) | PENAL SUM OF BOND | | | |
|---|---|---|---|---|

Evergreen National Indemnity Company
P.O. Box 18295, Columbus, OH  43218

| MILLION(S) | THOUSAND(S) | HUNDRED(S) | CENTS |
|---|---|---|---|
| 000 | 283 | 50 | 00 |

| CONTRACT DATE | CONTRACT NO. |
|---|---|
| 08/06/98 | DACW64-98-C-0023 |

OBLIGATION:

We, the Principal and Surety(ies), are firmly bound to the United States of America (hereinafter called the Government) in the above penal sum. For payment of the penal sum, we bind ourselves, our heirs, executors, administrators, and successors, jointly and severally. However, where the Sureties are corporations acting as co-sureties, we, the Sureties, bind ourselves in such sum "jointly and severally" as well as "severally" only for the purpose of allowing a joint action or actions against any or all of us. For all other purposes, each Surety binds itself, jointly and severally with the Principal, for the payment of the sum shown opposite the name of the Surety. If no limit of liability is indicated, the limit of liability is the full amount of the penal sum.

CONDITIONS:

The above obligation is void if the Principal promptly makes payment to all persons having a direct relationship with the Principal or a subcontractor of the Principal  for furnishing labor, material or both in the prosecution of the work provided for in the contract identified above, and any authorized modifications of the contract that subsequently are made. Notice of those modifications to the Surety(ies) are waived.

WITNESS:

The Principal and Surety(ies) executed this payment bond and affixed their seals on the above date.

| | PRINCIPAL | | |
|---|---|---|---|
| SIGNATURE(S) | 1. _(Seal)_ | 2. _(Seal)_ | 3. _(Seal)_ |
| NAME(S) & TITLE(S) (Typed) | 1. ISIDORE H. SALAZAR, PRESIDENT | 2. | 3. |

_[Corporate seal: ISIDORE H. SALAZAR CONSTRUCTION, INC. CORPORATE SEAL]_

| | INDIVIDUAL SURETY(IES) | |
|---|---|---|
| SIGNATURE(S) | 1. _(Seal)_ | 2. _(Seal)_ |
| NAME(S) (Typed) | 1. | 2. |

| | | CORPORATE SURETY(IES) | | |
|---|---|---|---|---|
| SURETY A | NAME & ADDRESS | Evergreen National Indemnity Company<br>P.O. Box 18295, Columbus, OH  43218 | STATE OF INC.<br>Ohio | LIABILITY LIMIT<br>$ 1,226,000.00 | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | |
| | NAME(S) & TITLE(S) (Typed) | 1. Sandra Denton, Attorney-In-Fact | 2. | |

| NSN 7540-01-162-6061<br>Previous edition not usable | EXPIRATION DATE: 12-31-92 | 25-205 | STANDARD FORM 25-A (REV. 1-90)<br>Prescribed by GSA - FAR (48 CFR) 53.228(c) |
|---|---|---|---|

CutePDF - www.tesho.com

JAN 05 '91  01:49PM US ARMY CORPS ENG

RPORATE SURETY(IES) (Continued)

**EXHIBIT A-2**

| | | | STATE OF INC. | LIABILITY L $ | |
|---|---|---|---|---|---|
| **SURETY B** | NAME & ADDRESS | | | | Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| **SURETY C** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| **SURETY D** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| **SURETY E** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| **SURETY F** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |
| **SURETY G** | NAME & ADDRESS | | STATE OF INC. | LIABILITY LIMIT $ | Corporate Seal |
| | SIGNATURE(S) | 1. | 2. | | |
| | NAME(S) & TITLE(S) (Typed) | 1. | 2. | | |

## INSTRUCTIONS

1. This form, for the protection of persons supplying labor and material, is used when a payment bond is required under the Act of August 24, 1935, 49 Stat. 793 (40 U.S.C. 270a-27e). Any deviation from this form will require the written approval of the Administrator of General Services..

2. Insert the full legal name and business address of the Principal in the space designated "Principal" on the face of the form. An authorized person shall sign the bond. Any person signing in a representative capacity (e.g., an attorney-in-fact) must furnish evidence of authority if that representative is not a member of the firm, partnership, or joint venture, or an officer of the corporation involved.

3. (a) Corporations executing the bond as sureties must appear on the Department of the Treasury's list of the approved sureties and must act within the limitation listed therein. Where move than one corporate surety is involved their names and addresses shall appear in the spaces (Surety A, Surety B, etc.) headed "CORPORATE SURETY(IES)." In the space designated "SURETY(IES)."

on the face of the form insert only the letter identification of the sureties.

(b) Where individual sureties are involved, a completed Affidavit of Individual Surety (Standard Form 28), for each individual suret shall accompany the bond. The Government may require the suret to furnish additional substantiating information concerning financial capability.

4. Corporations executing the bond shall affix their corporate seals. Individuals shall execute the bond opposite the wc "Corporate Seal", and shall affix an adhesive seal if executed Maine, New Hampshire, or any other jurisdiction requiring adhes seals.

5. Type the name and title of each person signing this bond in t space provided.

1-b

STANDARD FORM 25-A (Rev. 1-90)

# EVERGREEN NATIONAL INDEMNITY COMPANY
## CLEVELAND, OHIO
## POWER OF ATTORNEY



EXHIBIT
A-3

| | | |
|---|---|---|
| PRINCIPAL | Isidore H. Salazar Construction, Inc. | EFFECTIVE DATE 08/13/98 |
| CONTRACT AMOUNT 566,100.00 | | AMOUNT OF BOND $ 566,100.00 - Performance  283,050.00 - Payment |

### POWER NO. 105630

KNOW ALL MEN BY THESE PRESENTS: That the Evergreen National Indemnity Company, a corporation in the State of Ohio does hereby nominate, constitute and appoint: John W. Schuler, W.T. Ragsdale, Paul Cameron & Sandra Denton ~~~~~~~~~~~~~~~~~~~

its true and lawful Attorney(s)-In-Fact to make, execute, attest, seal and deliver for and on its behalf, as Surety, and as its act and deed, where required, any and all bonds, undertakings, recognizances and written obligations in the nature thereof, PROVIDED, however, that the obligation of the Company under this Power of Attorney shall not exceed One Million Five Hundred Thousand Dollars ($1,500,000.00).

This Power of Attorney is granted and is signed by facsimile pursuant to the following Resolution adopted by its Board of Directors on the 23rd day of February, 1994:

> "RESOLVED, That any two officers of the Company shall have the authority to make, execute and deliver a Power of Attorney constituting as Attorney(s)-in-fact of such persons, firms, or corporations as may be selected from time to time.
> FURTHER RESOLVED, that the signatures of such officers and the Seal of the Company may be affixed to any such Power of Attorney or any certificate relating thereto by facsimile; and any such Power of Attorney or certificate bearing such facsimile signatures or facsimile seal shall be valid and binding upon the Company; and any such powers so executed and certificate by facsimile signatures and facsimile seal shall be valid and binding upon the Company in the future with respect to any bond or undertaking to which it is attached."

IN WITNESS WHEREOF, the Evergreen National Indemnity Company has caused its corporate seal to be affixed hereunto, and these presents to be signed by its duly authorized officers this 23rd day of February, 1994.

EVERGREEN NATIONAL INDEMNITY COMPANY

Craig L. Stout, President

Roswell P. Ellis, Treasurer

Notary Public)
State of Ohio)   SS:

On this 23rd day of February, 1994, before the subscriber, a Notary for the State of Ohio, duly commissioned and qualified, personally came Craig L. Stout and Roswell P. Ellis of the Evergreen National Indemnity Company, to me personally known to be the individuals and officers described herein, and who executed the preceding instrument and acknowledged the execution of the same and being by me duly sworn, deposed and said that they are the officers of said Company aforesaid, and that the seal affixed to the preceding instrument is the Corporate Seal of said Company, and the said Corporate Seal and signatures as officers were duly affixed and subscribed to the said instrument by the authority and direction of said Corporation, and that the resolution of said Company, referred to in the preceding instrument, is now in force.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed my official seal at Cleveland, Ohio, the day and year above written.

Gregory N. Miracle, Attorney
Notary Public State of Ohio
My Commission has no expiration date Section 147.03 R.C.

State of Ohio )   SS:

I, the undersigned, Secretary of the Evergreen National Indemnity Company, a stock corporation of the State of Ohio, DO HEREBY CERTIFY that the foregoing Power of Attorney remains in full force and has not been revoked; and furthermore that the Resolution of the Board of Directors, set forth herein above, is now in force.
Signed and sealed in Cleveland, Ohio this 13th day of August, 1998.

Anna L. Meyers, Secretary

Any reproduction or facsimile of this form is void and invalid.

1-C

## WORK ORDER
### FROM



EXHIBIT
B-1

# *ISIDORE H. SALAZAR*
### *Construction, Inc.*

*1823 Fortview Road, Suite #106*
*Austin, TX 78704*
*(512) 326-5680  Fax (512) 326-5940*

NO. _____

This number must appear on shipping papers, invoices, correspondence, boxes and packages relative to this order.

TO
Name  Sun Tex Mechanical Contractors          File No. _____

Attn: F. Glenn Pike  Ph# (210) 423-3542 Fax# (210) 423-2553     October 20, 1998
Date

Address P.O. Box 2204

City  Harlingen, Texas  78551

VALID ONLY UPON OUR
RECEIPT OF CONFIRMATION
COPY PROPERLY SIGNED.

JOB NAME  Armory Building INS Facility, Port Isabel Service Processing Center

LOCATION  Los Fresnos, Texas

OWNER/ARCHITECT/ENGINEER  Department of the US Army-Galveston District Corps of Engineers

PROJECT MANAGER  Isidore H. Salazar          PROJECT SUPERINTENDENT  Randal Salazar

---

### EXPLANATION OF WORK COVERED BY THIS ORDER

All work listed below shall be performed in strict accordance with the plans and specifications including addenda No. ___N/A___
and acceptance of alternates No __N/A__          SUBJECT TO PROPOSAL LETTER DATED 9/23/98 (EXHIBIT "A")

Furnish all necessary labor, materials, equipment, and insurance to provide and install all of the site utilities (except electrical) all plumbing, and all heating, ventilation, and air conditioning for this project.  All work as shown on plans and on specifications under Division 2 site work as applicable.  'All Division 15 Sections 15050-15980 inclusive complete, and accepted by USCI, and the Corps of Engineers.'  All work complete and accepted for the lump sum of $97,000.00.
1.  Provide 10 sets of shop drawings within 10 days of the work order.
2.  Sub-contractor shall clean up all of his debris and dispose of on site designated by G.C. on a daily basis.
3.  Submit two originals of certified payroll sheets on a weekly basis
Failure to comply with any of the above shall be just  cause for withholding of payment until such time as subcontractor is in compliance with these items and his contract

Sub Contractor shall obtain and pay for Workmen's Compensation Insurance of all employees  He shall pay all charges made by reason of the Texas Unemployment Compensation Act, and make all quarterly deposits of withholding required by Internal Revenue  At no time shall an employee of Sub-Contractor be considered to be an employee of General Contractor.

ALL FOR THE SUM OF _____

Ninety-seven thousand and no/cents-------------------------------          97,000.00
($

STATE SALES TAX  Exempt

| DISCOUNT | Please note instructions on back of this sheet inasmuch as they are a part of this Purchase Order. | CODE |
|---|---|---|
| ACCEPTED | Sun Tex Mechanical | |

BY  R Allen Pike
Title

### ISIDORE H. SALAZAR CONSTRUCTION, INC.

BY  _____
(Isidore H. Salazar, President)

*MUST BE SIGNED BY AUTHORIZED REPRESENTATIVE (I.E. OWNER)*

EXHIBIT
B-2

# LETTER OF INSTRUCTIONS

**A. ESTIMATES**
1. The white copy of this order must be signed and returned to the office of the General Contractor before any estimate or invoice will be honored.
2. *All estimates or invoices must be in the office of the General Contractor on or before the 25th day of the month being invoiced.*
3. Any estimates received after the 25th day of the month will not be eligible for payment.
4. All estimates or Invoices must be submitted and contain the *following information:*
   (a) The Purchase Order Number.
   (b) The amount of the contract.
   (c) Each addition to or deduction from the contract.
   (d) Previous estimates billed, if any.
   (e) *Amount* of this estimate.
   (f) Balance due on the contract.
5. Each such payment of an estimate shall be less a ten percent (10%) retainage, said retainage shall be paid when all work has been finally accepted by the Architect, Owners, and IHS, final payment is contingent upon payment to the Contractor and shall be made within thirty (30) days after said payment from the Owner, provided the subcontractor and/or material supplier has previously furnished complete releases of liens and evidence of paid material bills as well as all labor.
   (a) Each such monthly payment shall be made within 10 days and is contingent upon and after receipt of same by IHS CONSTRUCTION, INC. from owner.
   (b) The amount paid shall be based on percentage of money received by the owners for work completed to date for each respective sub-contractor and/or material suppliers area of work.
6. All payments to Subcontractor shall be made by General Contractor solely out of funds actually received by General Contractor from Owner. Subcontractor acknowledges that he is sharing, to the extent of payments to be made to Subcontractor, in the risk that Owner may fail to make one or more payments to General Contractor for all or a portion of Subcontractor's Work, with the sole exception that if Owner fails to pay General Contractor under the Contract between Owner and General Contractor, and not partially due to an act or omission of Subcontractor, then such payment shall be nevertheless due from General Contractor to Subcontractor. Any surety of General Contractor shall be entitled to the same defense of non-payment by Owner.

**B. CHANGES**
1. The sub-contractor is responsible for providing a written detailed cost estimate for any and all changes not later than 5 days after requested. Failure to do so may result in the rejection of proposed changes being requested.
2. For the owner approved changes, the sub-contractor shall be paid the amount paid by the owner to IHS CONSTRUCTION, INC. for the changes that affect the sub-contractor's specific scope of work. The sub-contractor shall be allowed to negotiate their portion of any changes with the owner/architect at the convenience of IHS CONSTRUCTION, INC.
3. For IHS CONSTRUCTION, INC. approved changes, the amount is to be negotiated on the detailed cost estimate with IHS CONSTRUCTION, INC.
4. In all cases, the general conditions regarding changes between the owner and IHS CONSTRUCTION, INC. shall be in effect.
5. No change order monies shall be paid by IHS to sub-contractor until an executed order issued by IHS CONSTRUCTION, INC. is signed and returned to IHS by sub-contractor.

**C. SPECIAL CONDITIONS**
1. The sub-contractor and/or material supplier agrees to be bound by all the terms contained in contract between the owner and IHS CONSTRUCTION, INC. covering the construction of this project, including terms incorporated by reference therein to the extent that said terms may be applicable to this sub-contract.
2. The General Contractor reserves the right to require a Treasury Listed type of performance and payment bond on a standard A.I.A. Form for the full amount of the sub-contract any time during the progress of the job. XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX been agreed upon.
3. The sub-contractor and/or material supplier agrees that in the event a penalty is assessed against the General Contractor because of any act, either direct or indirect, on the sub-contractor's and/or material supplier's part that causes the job to be held up and that the architect/government/owner representatives refuse to allow an extension of time for, then the subcontractor and/or material supplier shall be liable for the penalty.
4. The sub-contractor and/or material supplier agrees to furnish a sufficient number of workmen to properly execute and expedite his work. In the event the sub-contractor and/or material supplier refuses to man his portion of the work in accordance with G.C.'s progress schedule (written XXXXXX, then the General Contractor shall after notifying the sub-contractor and/or material supplier shall have 48 hours after receipt of the letter to fulfill his obligation. However, if he properly mans his job for a week or less and then pulls his men off the job before having been notified then the General Contractor may man the job without notification, as the first letter will be considered as just notice for a period of at least 30 days from the date of receipt by the sub-contractor and/or material supplier. All cost incured shall be deducted from sub-contractors contract amount.  ALL NOTIFICATION IN WRITING
5. The specifications are arranged in the several sections indicated, but such separations shall not be considered as the limits of the work required by any separate trade.
6. The sub-contractor and/or material supplier agrees to protect all preceding work from damage and protect his own work against normal construction risks.
7. IHS CONSTRUCTION, INC. reserves the right to assess liquidated damages to any sub-contractor or material supplier for non-performance or delays directly attributable to said sub-contractor or material supplier.  SUBCONTRACTOR MUST RECEIVE WRITTEN NOTIFICATION OF ALLEGED DELAYS 48HRS PRIOR TO ANY ASSESSMENTS.

**D. CORRESPONDENCE**
1. All correspondence, instructions, samples, catalogue cuts, shop drawings, brochures and any other pertinent information shall be transmitted through the General Contractor.
2. All correspondence shall be submitted in XXXXX.
3. All correspondence shall be limited to subjects pertaining to this job only.
4. All shop drawings, samples and catalogue cuts shall be accompanied by a letter of transmittal regardless of whether they are mailed or brought in hand.
5. All shop drawings and catalogue cuts shall be submitted in six copies.

**E. PROGRESS OF WORK**
1. Each sub-contractor and/or material supplier who is to furnish shop drawings, broshures, catalogue cuts, or smples, will be submit three immediately upon receipt of this order.
2. The General Contractor shall be notified in writing of any delays in delivery of materials to the jobsite, and the amount of time required for delivery of items after receipt.
3. In the absenceof any notification to the contrary the General Contractor will assume that all materials will be delivered on or before the date needed.
4. All material suppliers shall be responsible for delivering materials in a timely manner acceptableto IHS CONSTRUCTION, INC. Any delays shall be reported immediately.
5. A detailed schedule of prices shall be submitted for approval within 5 days from receipt of this work order.
6. A material/equipment schedule shall be submitted within 2 weeks from receipt of this work order. This schedule shall show the procurement plans for materials, plans, and equipment. It shall included as a minimum: A) Description; B) Date of purchase order; C) Promised shipping date; D) Name of manufacturer of supplier; E) Date delivery is expected; F) Date material or equipment is required according to current progress schedule. Progress payments shall be based on the approved scedule of prices. XXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
7. It is the subcontractor's reponsibility to check and verify; prior to submission of submittals, that all items are in compliance with the contract documents____ XXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX  STANDARD WORKING HOURS

**F. GENERAL**
1. The sub-contractor and/or material supplier will not be paid in full until his work is accepted by the architect, owner or acceptable party.
2. Non-compliance with any of the above will be considered just cause to withhold payment.  WRITTEN NOTIFICATION MUST BE RECEIVED WITH REGARD TO ALLEGED NON-COMPLIANCE

**G. PAYROLLS**
1. This paragraph applies only to jobs requiring payroll submittal information.
2. A copy of the payroll that is given to the inspector at the end of each day's work shall be given to the General Contractor's representative on the job each day, when required.
3. The weekly payroll summary, in triplicate with the affidavit properly filled out, sXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXX.
4. Extreme care shall be used in classifying wage rates, and extensions of all payrolls.

**H.** SUB-CONTRACTOR AND/OR MATERIAL SUPPLIER SHALL NOT DISCRIMINATE IN THE HIRING OF ANY PERSON BY REASON OF RACE, COLOR, CREED, OR SEX.

18b



# WORK ORDER
## FROM

# *ISIDORE H. SALAZAR*
### *Construction, Inc.*

P.O. BOX 271145
CORPUS CHRISTI, TX 78427-1145
(512) 289-2423 FAX (512) 289-0321



**EXHIBIT B-3**

NO. 22500-004

This number must appear on c shipping papers, invoices, correspondence, boxes and packages relative to this orde:

**TO**

Name  Sun-Tex Mechanical Contractors

Attn: Glen Rike  Ph# (956) 423-3542  Fax # 423-2553

Address  P.O. Box 2204

City  Harlingen, Texas  78551

File No. _____

Date  November 10, 1998

VALID ONLY UPON OUR
RECEIPT OF CONFIRMATION
COPY PROPERLY SIGNED.

JOB NAME  Maintenance Facility Building, Ins Site

LOCATION  INS, SPC, Los Fresnos, Texas

OWNER/ARCHITECT/ENGINEER  The Leija Group

PROJECT MANAGER  Jim Crooks      PROJECT SUPERINTENDENT  Jim Crooks

## EXPLANATION OF WORK COVERED BY THIS ORDER

*All work listed below shall be performed in strict accordance with the plans and specifications including addenda No.* __N/A__
*and acceptance of alternates No.* __N/A__

Furnish all necessary labor, materials, equipment, and insurance to perform all of the plumbing, plumbing utility connection (sanitary, sewer, & water), heating, ventilating & air conditioning for this project. All work in accordance with the plans prepared by the Leija Group to provide complete and operational Plumbing & HVAC systems in accordance with the plans and specifications noted on plans for this project. All work complete and accepted for the lump sum of $43,061.00.
SUBJECT TO PROVISIONS OF PROPOSAL DATED 11/9/98 ATTACHED AS EXHIBIT "A"

1.) Furnish this office with eight (8) sets of submittals within 10 days of the date of this work order.
2.) Submit certified Payroll sheets on a weekly basis.
3.) Subcontractor shall clean up all of his debris and dispose of at a site designated by G.C. on a daily basis.

Failure to comply with any of the above referenced items shall be just cause for withholding of payment until such time as subcontractor is in compliance with these items and his contract.

Sub-Contractor shall obtain and pay for Workmen's Compensation Insurance of all employees. He shall pay all charges made by reason of the Texas Unemployment Compensation Act, and make all quarterly deposits of withholding required by Internal Revenue. At no time shall an employee of Sub-Contractor be considered to be an employee of General Contractor.

L FOR THE SUM OF

Forty three thousand and sixty-one dollars and no/cents ($ 43,061.00     )

ATE SALES TAX  None, Tax Exempt

SCOUNT

Please note instructions on back of this sheet inasmuch as they are a part of this Purchase Order.

CODE

PTED  Sun-Tex Mechanical Contractors

BY _____
Title

*MUST BE SIGNED BY AUTHORIZED REPRESENTATIVE (I.E. OWNER)*

**ISIDORE H. SALAZAR CONSTRUCTION, INC.**

BY _____
=Isidore H. Salazar, President

16a

# LETTER OF INSTRUCTIONS

EXHIBIT
B-4

## A. ESTIMATES

1. The white copy of this order must be signed and returned to the office of the General Contractor before any estimate or invoice will be honored
2. All estimates or invoices must be in the office of the General Contractor on or before the 25th day of the month being invoiced.
   estimates received after the 25th day of the month will not be eligible for payment.
4. estimates or Invoices must be submitted and contain the following information:
   (a) The Purchase Order Number.
   (b) The amount of the contract.
   (c) Each addition to or deduction from the contract.
   (d) Previous estimates billed, if any.
   (e) Amount of this estimate.
   (f) Balance due on the contract.
5. Each such payment of an estimate shall be less a ten percent (10%) retainage, said retainage shall be paid when all work has been finally accepted by the Architect, Owners, and IHS, final payment is contingent upon payment to the Contractor and shall be made within thirty (30) days after said payment from the Owner, provided the subcontractor and/or material supplier has previously furnished complete releases of liens and evidence of paid material bills as well as all labor.
   (a) Each such monthly payment shall be made within 10 days and is contingent upon and after receipt of same by IHS CONSTRUCTION, INC. from owner.
   (b) The amount paid shall be based on percentage of money received by the owners for work completed to date for each respective sub-contractor and/or material suppliers area of work.
6. All payments to Subcontractor shall be made by General Contractor solely out of funds actually received by General Contractor from Owner. Subcontractor acknowledges that he is sharing, to the extent of payments to be made to Subcontractor, in the risk that Owner may fail to make one or more payments to General Contractor for all or a portion of Subcontractor's Work, with the sole exception that if Owner fails to pay General Contractor under the Contract between Owner and General Contractor, and not partially due to an act or omission of Subcontractor, then such payment shall be nevertheless due from General Contractor to Subcontractor. Any surety of General Contractor shall be entitled to the same defense of non-payment by Owner.

## B. CHANGES

1. The sub-contractor is responsible for providing a written detailed cost estimate for any and all changes not later than 5 days after requested. Failure to do so may result in the rejection of proposed changes being requested
2. For the owner approved changes, the sub-contractor shall be paid the amount paid by the owner to IHS CONSTRUCTION, INC. for the changes that affect the sub-contractor's specific scope of work. The sub-contractor shall be allowed to negotiate their portion of any changes with the owner/architect at the convenience of IHS CONSTRUCTION, INC.
3. For IHS CONSTRUCTION, INC. approved changes, the amount is to be negotiated on the detailed cost estimate with IHS CONSTRUCTION, INC.
4. In all cases, the general conditions regarding changes between the owner and IHS CONSTRUCTION, INC. shall be in effect.
5. No change order monies shall be paid by IHS to sub-contractor until an executed order issued by IHS CONSTRUCTION, INC. is signed and returned to IHS by sub-contractor.

## C. SPECIAL CONDITIONS

1. The sub-contractor and/or material supplier agrees to be bound by all the terms contained in contract between the owner and IHS CONSTRUCTION, INC. covering the construction of this project, including terms incorporated by reference therein to the extent that said terms may be applicable to this sub-contract.
2. The General Contractor reserves the right to require a Treasury Listed type of performance and payment bond on a standard A.I.A. Form for the full amount of the sub-contract any time during the progress of the job.XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
3. The sub-contractor and/or material supplier agrees that in the event a penalty is assessed against the General Contractor because of any act, either direct or indirect, on the sub-contractor's and/or material supplier's part that causes the job to be held up and that the architect/government/owner representatives refuse to allow an extension of time for, then the sub-contractor and/or material supplier shall be liable for the penalty.
   • sub-contractor and/or material supplier agrees to furnish a sufficient number of workmen to properly execute and expedite his work. In the event the sub-contractor and/or material plier refuses to man his portion of the work in accordance with G.C.'s progress schedule (written or verbal), then the General Contractor shall after notifying the sub-contractor and/or material supplier shall have 48 hours after receipt of the letter to fulfill his obligation. However, if he properly mans his job for a week or less and then pulls his men off the job after having been notified then the General Contractor may man the job without notification, as the first letter will be considered as just notice for a period of at least 30 days from the date of receipt by the sub-contractor and/or material supplier. All cost incured shall be deducted from sub-contractors contract amount. ALL NOTIFICATION IN WRITING
4. The specifications are arranged in the several sections indicated, but such separations shall not be considered as the limits of the work required by any separate trade.
5. The sub-contractor and/or material supplier agrees to protect all preceding work from damage and protect his own work against normal construction risks.
6. IHS CONSTRUCTION, INC. reserves the right to assess liquidated damages to any sub-contractor or material supplier for non-performance to delays directly attributable to said sub-contractor or material supplier. SUBCONTRACTOR MUST RECEIVE WRITTEN NOTIFICATION OF ALLEGED DELAYS 48HRS PRIOR TO ANY ASSESSMENTS

## D. CORRESPONDENCE

1. All correspondence, instructions, samples, catalogue cuts, shop drawings, brochures and any other pertinent information shall be transmitted through the General Contractor.
2. All correspondence shall be submitted in XXXXXX
3. All correspondence shall be limited to subjects pertaining to this job only.
4. All shop drawings, samples and catalogue cuts shall be accompanied by a letter of transmittal regardless of whether they are mailed or brought in hand.
5. All shop drawings and catalogue cuts shall be submitted in six copies.

## E. PROGRESS OF WORK

1. Each sub-contractor and/or material supplier who is to furnish shop drawings, broshures, catalogue cuts, or smples, will be submit three immediately upon receipt of this order.
2. The General Contractor shall be notified in writing of any delays in delivery of materials to the jobsite, and the amount of time required for delivery of items after receipt.
3. In the absenceof any notification to the contrary the General Contractor will assume that all materials will be delivered on or before the date needed.
4. All material suppliers shall be responsible for delivering materials in a timely manner acceptableto IHS CONSTRUCTION, INC. Any delays shall be reported immediately.
5. A detailed schedule of prices shall be submitted for approval within 5 days from receipt of this work order.
6. A material/equipment schedule shall be submitted within 2 weeks from receipt of this work order. This schedule shall show the procurement plans for materials, plans, and equipment. It shall included as a minimum: A) Description; B) Date of purchase order; C) Promised shipping date; D) Name of manufacturer of supplier; E) Date delivery is expected; F) Date material or equipment is required according to current progress schedule. Progress payments shall be based on the approved scedule of prices.XXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
7. It is the subcontractor's reponsibility to check and verify, prior to submission of submittals, that all items are in compliance with the contract documents _____ XXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX STANDARD WORKING HOURS

## F. GENERAL

1. The sub-contractor and/or material supplier will not be paid in full until his work is accepted by the architect, owner or acceptable party.
2. Non-compliance with any of the above will be considered just cause to withhold payment. WRITTEN NOTIFICATION MUST BE RECEIVED WITH REGARD TO ALLEGED NON-COMPLIANCE

## G. PAYROLLS

1. This paragraph applies only to jobs requiring payroll submittal information.
2. A copy of the payroll that is given to the inspector at the end of each day's work shall be given to the General Contractor's representative on the job each day, when required.
   e weekly payroll summary, in triplicate with the affidavit properly filled out. XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXX
4. Extreme care shall be used in classifying wage rates, and extensions of all payrolls.

## H. SUB-CONTRACTOR AND/OR MATERIAL SUPPLIER SHALL NOT DISCRIMINATE IN THE HIRING OF ANY PERSON BY REASON OF RACE, COLOR, CREED, OR SEX.

16b